Let this be filed
RMCok
1/3/19

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA §
*ex rel.* CHARLES T. HUTCHINS §
and JOYCE SUBHI §
§                    Case No. 1:15-cv-00355-RMC
*Qui tam plaintiffs* §
§                    PLAINTIFF/RELATORS'
v. §                    OPPOSITION TO COUNSELS'
§                    MOTION TO WITHDRAWAL
§
DYNCORP INTERNATIONAL, INC. *et al.* §

Plaintiff/Relators Charles T. Hutchins and Joyce Subhi file their Opposition to Counsel's Motion

for Withdrawal that was made pursuant to Local Rule 83.6(c).

1.      Hutchins did not respond to Michael Weston's Notice of Motion because he was not

aware of it. On several occasions Hutchins informed Mr. Weston that, from November 25 thru

December 21 he was in training at the Veterans Administration Acquisition Academy in

Frederick, Maryland. He had exams on the 18th, 19th, 20th and 21st. Michael Weston knew

Hutchins was out of the loop. He chose to file this motion with full knowledge that Hutchins was

taking exams. Hutchins has an excellent record of responding promptly to Michael's phone calls

and emails.

2.      The deadline to file a Motion to Amend has been set for December 31, 2018.

3.      When Michael Weston agreed to represent Plaintiff/Relators Hutchins and Subhi in this

False Claim Act against DynCorp International in October 2017, Michael Weston asked to be



permitted to speak with prior counsel Tony Munter who filed this complaint in 2015. Hutchins & Subhi agreed and Hutchins informed Tony Munter of our consent.

4.      Michael Weston spoke with Munter and reported back to us that he still thought we had a good claim, but that Alicia Bentley, the Department of Justice attorney, informed him that if he went forward with this case that she would file a motion to dismiss the case, so he declined to proceed with our case. Michael Weston was aware of Alicia Bentley's disposition from the very beginning.

5.      In one of Michael Weston's first conversation with Alicia Bentley she told Michael Weston that she was getting pressure from above to get rid of a bunch of cases to reduce the work-load.

6.      On numerous subsequent occasions Ms. Bentley has also informed Michael Weston that if he proceeded with this case she would file a motion to dismiss the case.

7.      Ms. Bentley at the Department of Justice has had this case since about the end of February 2015. She did not decide 'not to intervene' until about May 2017 or about 26 months later. During this time she did not file a motion to dismiss. She did not file a motion to dismiss when the Department of Justice declined to intervene.

8.      Ms. Bentley did not file a motion to dismiss when Tony Munter withdrew and she did not file a motion to dismiss when Michael Weston agreed to represent us. But it was not long before she started talking to Mr. Weston about dismissal to reduce the DoJ case load.

9.      After Michael Weston filed our First Amended Complaint she again stated that she was going to file a motion to dismiss. Beginning in or about January 2018 there has been a constant drum-beat from Ms. Bentley about dismissal if Michael Weston continues with the case.

10.     It is uncontested that Ms. Bentley, in her position at the Department of Justice, has the authority to move for dismissal of this case. We understand it can be as simple as filing a two or three page motion. But after almost four years she has not filed that document.

11.     Why, if she has such unbridled power to end this case, has she not used it?  She has spent a lot of time convincing first Tony Munter and now Michael Weston not to represent us.

12.     We believe Ms. Bentley recognizes there are some serious allegations in this case, some big numbers in terms of damages, lots of specifics and details provided by eye-witnesses, and does not want her signature at the bottom of a document that gets this case thrown out of court.

13.     First, it's bad for the CV.  Second, if she convinces our counsel to dump the case – there is no appeal.

14.     Third, if it gets into the newspapers, she doesn't want the reporters at her door and doesn't want an "invitation" to speak to the Senate Armed Services Committee about the steps she is taking to crack-down on fraud against the government as contrasted against her efforts to lighten the work-load at the Department of Justice.

15.     And fourth, Ms. Bentley is aware of the unqualified assertions by Joyce Subhi and Charles Hutchins that the Defense Contract Management Agency that was in Afghanistan, investigated the DynCorp waste management vehicles duplication of costs issues.

16.     The DCMA made a determination in June 2012 that DynCorp's costs to perform these services were way too high and they denied DynCorp's request to self-perform the waste management and water delivery services. The DCMA was not, however, that they were being billed for this unused equipment. There were DCMA meetings, reports, emails and phone calls. With a working FOIA request for these records in progress, it's a matter of time until we have the back-up that will validate our assertions.

17.     We oppose the withdraw of counsel because, at this stage of proceedings, with our Second Amended Complaint ready for filing, the absence of counsel will be extraordinarily prejudicial and will deal a fatal blow to our case.

18.     Because of the record of Ms. Bentley's hostility towards this case, it will likely be impossible to find substitute counsel.

19.     Hutchins' New Jersey law license is inactive. Hutchins has never been disbarred and his license has never been suspended. When Hutchins left New Jersey in 2004 for contract management work in Iraq he did not continue paying annual client protection fees since he was not practicing law there. Assessment of the fees should have been halted at that time.

20.     Charles Hutchins ended his overseas work in in Iraq, Afghanistan and Djibouti in December 2015. He did not return to New Jersey until recently to take a contract management position with the Veterans Administration's Technology Acquisition Center in Eatontown, New Jersey. Joyce Subhi is not licensed by any state bar association. The Pro Se option is presently not available to us. Hutchins, as a Qui Tam Relator, is willing and able to represent the interests of the United States if the Court will permit it.

21.     Joyce. Subhi and Charles Hutchins have covered all of Michael Weston's costs to date and there are still funds remaining in the account. We will be able to continue covering his costs.

22.     For four weeks Charles Hutchins has worked on the Second Amended Complaint (see attached copy). It is ready to file. The Court can read this document and determine whether it discerns any improper motive by Subhi and Hutchins.

23.     Joyce Subhi and Charles Hutchins have agreed to abandon several causes of actions. The remaining causes are the waste management and water delivery services double billing, the

invoicing of subcontracted services as purchases so as to obtain and additional one and one-half percent commission (which DynCorp is not entitled to), and the wrongful termination counts for Joyce Subhi and Charles Hutchins

24.     The references to the counts that we are abandoning have been removed. In reviewing the Court's recent Opinion and the Complaint it was apparent that we did not present some issues as clearly as we should have. We have provided the necessary clarifications and additional information to demonstrate that our complaint is meritorious.

25.     These counts are real meritorious complaints supported by real facts and the first hand testimony of Joyce Subhi and Charles Hutchins.

26.     We are not asking Michael Weston to do anything for an improper purpose or to do anything unethical, immoral, illegal or anything in violation of the court rules or professional conduct standards. We are not asking him to do anything other than what he agreed to do when he agreed to represent us.

27. Over the last several weeks, Mr. Weston knew Hutchins was working on the Second Amended Complaint and as Hutchins completed different sections he sent Weston copies of what he had written. Hutchins doesn't know if Weston read what Hutchins wrote or not, but he did not take issue with what Hutchins had written. Rather, it was always… What are you going to do about Alicia Bentley and a DoJ Motion to Dismiss? He asked Hutchins this time and time again. There was no Motion to Dismiss, and hasn't been since this Complaint was filed in February 2015. Hutchins and Subhi have not wasted a lot of time on something that has not happened.

28.     While conceded that Ms. Bentley has the authority to move for dismissal we take issue with her interfering with our contract with two different law firms. The "if you represent your clients – then I'll move to dismiss" ultimatum is improper and probably unethical. It is most assuredly an abuse of her power. If she is going to file a Motion to Dismiss – File the Motion to Dismiss, and stop threatening my attorney. Michael Weston is not a bad attorney because he wants out of this case. He has been bullied by Alicia Weston and doesn't see how he get paid in this case if she files a Motion to Dismiss.

29.     Plaintiff/Relators Hutchins and Subhi ask the Court to (1) deny Michael Weston's Motion to Withdraw, (2) instruct Michael Weston, after review and/or revision of the draft Second Amended Complaint, to file the amended Complaint within 10 days, and (3) instruct Alicia Bentley to end her threats to file a Motion to Dismiss if Michael Weston continues to represent Hutchins and Subhi.

Dated this 27 th day of December 2018.


_____
Charles T. Hutchins


_____
Joyce Subhi

Sent from my iPhone

Begin forwarded message:

**From:** Joyce Subhi <joyce.subhi@gmail.com>
**Date:** December 27, 2018 at 7:32:57 AM EST
**To:** Charles Hutchins <charles.hutchins@frontlinesusa.com>
**Subject: Re: Opposition to Motion to Dismiss - need your signature**

Charles,
I have read our attached Opposition to Counsel's Motion to Withdraw and concur with and approve of this Opposition.

Joyce Subhi

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Opposition to

Counsel's Motion for Withdrawal was served this 27th day of December, 2018, via

electronic filing upon J. Michael Weston at jmweston@bennettweston.com and to

Edward A. McConwell and Laura L. McConwell both at ed@mcconwell.com. An

original and one copy was sent to the Clerk of the US District Court, E. Barrett

Prettyman, United States Courthouse, 333 Constitution Ave NW, Washington, DC 20001

via Priority Mail.


Dated this 27 th day of December 2018.


Charles T. Hutchins