UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHARLES HUTCHINS AND JOYCE SUBHI, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 15-355 (RMC) |
| DYNCORP, INTERNATIONAL, INC., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER**

In September 2018, the Court granted in part Defendants' motion to dismiss. The Court dismissed all claims except Count 1(C), which alleged a False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, violation due to duplicative charges for waste management vehicles. *See* Op. [Dkt. 48]; 9/28/2018 Order [Dkt. 49]. Following the Court's decision, Plaintiffs' counsel moved to withdraw and the Court granted the motion over Plaintiffs' objection. *See* Mot. to Withdraw as Attorney [Dkt. 53]; 1/8/2019 Order [Dkt. 56]. Plaintiffs were then given six months to find new counsel. *See* 6/21/2019 Order [Dkt. 62]. When they were unable to locate new counsel, Plaintiffs filed a motion to appear *pro se*, which this Court denied on December 9, 2019, thereby dismissing the final count and closing the case. *See* Mot. to Appear *Pro Se* [Dkt. 63]; Mem. Op. [Dkt. 69]; 12/9/2019 Order [Dkt. 70]. Plaintiffs now move the Court to reconsider that order. *See* Mot. for Recons. of the Court's Dismissal Order of the Case Against DynCorp Int'l [Dkt. 71].

Plaintiffs do not indicate under which rule they move for reconsideration. The motion was not filed within 28 days from the entry of judgment, so Federal Rule of Civil

Procedure 59(e) is inapplicable. That leaves Federal Rule of Civil Procedure 60(b), which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "In considering a Rule 60(b) motion, the district court 'must strike a delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts.'" *PETA v. HHS*, 901 F.3d 343, 354-55 (D.C. Cir. 2018) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)) (emphasis omitted). To that end, a district court considering a Rule 60(b) motion "is vested with a large measure of discretion." *Id*. at 355. Notwithstanding, "[m]otions for reconsideration are 'disfavored,'" *Walsh v. Hagee,* 10 F. Supp. 3d 15, 18 (D.D.C. 2013), and the D.C. Circuit has cautioned that Rule 60(b) "should be only sparingly used," *PETA*, 901 F.3d at 355. *See also Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which

a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.").

Plaintiffs' motion argues: (1) the False Claims Act itself provides no statutory bar on plaintiff's proceeding *pro se*; (2) the Court erred in permitting Plaintiffs' counsel to withdraw; (3) the Court erred in dismissing Plaintiffs' retaliation claims because their alleged protected activity was not conducted as part of their normal job duties; (4) the government counsel interfered in the litigation by repeatedly indicating the United States might file a motion to dismiss the complaint; and (5) the Court permitted the Department of Justice to elect not to intervene out of time—in violation of the 60-day statutory limit. All of those arguments fall under Rule 60(b)(6), requesting reconsideration for "any other reason that justifies relief." But not just any reason will do; such relief is reserved for "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193, 199 (1950). This is a weighty burden that is best satisfied when "the interest that litigation must someday end [is] only slightly impinged, while the countervailing interest that justice be done [is] seriously at stake." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577-78 (D.C. Cir. 1980). For example, "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under [R]ule 60(b)(6) is proper even though the original failure to present that information was inexcusable." *Id*. at 577.

None of Plaintiffs' arguments for reconsideration meet the high threshold of Rule 60(b)(6). Plaintiffs merely repeat arguments made and rejected by the Court in prior filings. The only new issues raised by Plaintiffs are unrelated to the Court's prior decision to deny their motion to appear *pro se* and provide no support for reconsidering that order. While Plaintiffs believe that the Court erred in permitting the United States to elect not to intervene more than 60

days after the case was filed, the Court did so only after repeated and unopposed motions for extension of time—filed by the United States and agreed to by Plaintiffs' counsel. The intervention decision was timely and proper. Finally, the United States has the ability to move to dismiss False Claims Act cases "notwithstanding the objections of the person initiating the action" pursuant to 31 U.S.C. § 3730(c)(2)(A). Whether government counsel discussed that possibility with Plaintiffs' counsel is irrelevant to this Court's decision not to permit Plaintiffs to proceed *pro se* and is not grounds for reconsideration of that decision.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion for Reconsideration of the Court's Dismissal Order of the Case Against DynCorp Int'l, Dkt. 71, is **DENIED**.


Date: March 12, 2020

ROSEMARY M. COLLYER
United States District Judge